[Civ. No. 6146. Third Appellate District.—January 2, 1940.]

WESTERN CANAL COMPANY (a Corporation), Plaintiff and Appellant, v. ARCHIE McRAE, Defendant and Appellant.

Thomas J. Straub, W. R. Dunn, Eustace Cullinan and Jerome D. Peters for Plaintiff and Appellant.

Ware & Ware for Defendant and Appellant.

THE COURT.—This is an action brought to recover the sum of $1232 alleged to be due for irrigation water furnished under a contract between the parties. The court is also asked to enforce a lien for the payment of said sum against the lands of defendant. Defendant filed a counterclaim for $3,500, damages, arising out of fraudulent representations made in respect to the sale of stock by plaintiff company to him. The allegations of this counterclaim are substantially the same as those of the complaint in the case of *Goodspeed et al.* v. *Great Western Power Co. et al.*, Civil No. 6011, and decided by this court on the 8th day of June, 1939 (33 Cal. App. (2d) 245 [91 Pac. (2d) 623, 92 Pac. (2d) 410]). Reference is made to the latter case for a full statement of such allegations. The same observation also is made in respect to the findings in this case. The trial court, as in the Goodspeed case, found against plaintiff canal company on the issue of fraud, refused to impose the lien, but gave credit to plaintiff, in fixing the amount of damages, for the full amount of its demand for water furnished to defendant. The amount of the judgment is $1647.22, and plaintiff appeals from such judgment.

Plaintiff also appeals from "that part and portion of said judgment in which the trial court found, determined and adjudged that plaintiff was not entitled to recover interest from defendants on interest payments, from the respective dates of payment, paid by plaintiff and received by defendants on account of the purported purchase of stock of defendant Western Canal Company".

The question of the right of defendant to recover upon his counterclaim, upon substantially the same record, and his right to interest and damages, involved in his appeal, are fully disposed of in the Goodspeed case, which is referred to

as authority for a similar ruling here. Only points not adjudicated in the latter case will receive further attention.

The contract for water service was executed on March 3, 1925. The agreement to purchase stock in plaintiff company was also executed on that date. In the Goodspeed case, where the evidence was substantially the same, we held that such contracts, under the provisions of section 1642 of the Civil Code, are to be construed together as one transaction. We also held that such a stock purchase agreement was obtained through fraud on the part of this plaintiff, and was therefore void.

■ It is contended by appellant company that the trial court erred in refusing to impose a lien upon defendant's lands. It relies upon the following portion of the water service contract in evidence:

"That all the covenants and promises herein contained to be performed by the Consumer, including the promise to pay legal expenses and attorney's fees, shall in case of foreclosure, be a lien upon, and bind the water-stocked land hereinabove described, and the Water Company, its successors and assigns, shall have, and is hereby granted, a permanent lien upon said lands of the Consumer and appurtenance as security for the due and punctual payments of all monies due, or to fall due hereunder, and for the faithful performance of said conditions, covenants and promises, such lien to attach upon said water-stocked lands upon the execution thereof, and to be and constitute thereafter a first and prior lien as security aforesaid for the said payments and the performance of said conditions, covenants and promises, and each and all thereof."

We are of the opinion that it was the clear intent of the parties that this lien could only be imposed upon "water-stocked" land. As the stock-purchase contract, which would be the basis for "water-stocking" the land, was void, there could be no "water-stocked" land such as the parties contemplated and intended. The ruling was correct.

It is contended, precisely as in the case of *West* v. *Great Western Power Co. et al.*, decided this day, and upon substantially the same facts (Civil No. 6145, *ante,* p. 403 [97 Pac. (2d) 1014]), that the action was barred by the provisions of section 338, subdivision 4 of the Code of Civil Pro-

cedure. This question is decided adversely to appellant company, under the authority of that case.

It is also contended that the rulings of the trial court violated section 1, article XIV of the federal Constitution, guaranteeing the equal protection of the law. That question was also decided adversely to appellant company in the West case.

The appeal of appellant McRae is based upon the contention that the trial court should have allowed him interest upon interest payments made on the fraudulent contract. That question was disposed of in his favor in the Goodspeed case.

It is therefore ordered that the judgment be, and it is, hereby reversed, and that the cause be remanded for retrial, upon the sole issue of the amount of damages due, in accordance with the views expressed, each party to pay his own costs on appeal.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 1, 1940, and an application by plaintiff and appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 29, 1940.